UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Michael Foster, | ) | CASE NO. 1:12CV3129 |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| vs. | ) | |
| Jason Bunting, Warden, | ) | |
| Respondent. | ) | **MEMORANDUM OF OPINION AND ORDER** |

This action is before the Court upon objections filed by Petitioner Michael Foster, asserting error in the Report and Recommendation ("the R&R") of Magistrate Judge George Limbert. The Court ADOPTS the R&R (Doc. 17) in its entirety. The Petition is DENIED AND DISMISSED.

Where objections are made to a magistrate judge's R&R this Court must:

must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3). The Court has reviewed *de novo* the R&R as it relates to Foster's objections. The objections lack merit.

Foster raises four numbered objections to the conclusions reached by the R&R. The Court will now review those objections.

Initially, Foster concedes that he did not raise his second through sixth grounds for relief in his state court proceedings. The R&R then reviewed whether Foster had shown cause and

1

prejudice to excuse his default and concluded that he had not made the requisite showing. Foster does not appear to object to any of these findings related to his second through sixth grounds for relief.

Instead, Foster raises four objections to the R&R's review of his claim of actual innocence. In his first three objections, Foster claims that the R&R erred when it concluded that his argument and internet research did not constitute "new evidence" in support of a claim of actual innocence. Specifically, Foster takes issue with the R&R's conclusions 1) that his trial counsel explored the same underlying theories during the original defense of this matter, 2) that his internet research was not new evidence, and 3) that Dr. Bux testimony was an alternative theory that the jury could choose to believe.

With respect to the R&R's conclusion that Foster's trial counsel presented many of the same theories that Foster seeks to advance now, the Court finds no error. The R&R accurately notes that Foster's counsel highlighted the errors made by the emergency room physician, such as failing to notice the 5 Fentanyl patches on the decedent's back. Furthermore, counsel retained and utilized the testimony of a medical expert, Dr. Bux, to seek to rebut the claims that the decedent's death was a proximate result of the gunshot wound and paralysis that Foster had previously inflicted upon him. Foster's sole argument appears to be that his counsel should have explored these areas in further depth. Such an argument does not constitute "new evidence" under the stringent actual innocence standard.

Similarly, Foster's own internet research about the side effects of the use of Fentanyl does not constitute "new evidence." Once again, Foster simply seeks to argue that his trial counsel should have utilized the medical expert in a slightly different capacity than he chose to use him. Such an argument does not support a claim of actual innocence.

Finally, Foster argues the actual medical evidence at length, contending that any assertion that the jury could choose between the competing medical experts to be unreasonable. Essentially, Foster seeks to argue that only his medical expert could be believed and that the coroner effectively committed perjury. The R&R, however, properly concludes that both the State and the defense put forth expert medical evidence about the cause of decedent's death. The jury was well within its rights to find the State's evidence more credible. As such, this argument also does not support a claim of actual innocence.

In his final objection, Foster notes that "UPC codes are not fingerprints and should not be considered as fingerprints." The Court would first note that the R&R never reaches such a conclusion, nor is it clear what Foster seeks to attack with this objection. The R&R does note that detectives did utilize UPC codes when conducting their investigation. In so doing, they found numerous items in Foster's possession that matched the items stolen during the underlying robbery. Foster appears to contend that there was some improper reliance on UPC codes. However, there is nothing in the record to suggest that the State ever treated the UPC codes as conclusive proof to tie these items to the robbery. Instead, they presented the UPC codes, along with numerous other pieces of circumstantial evidence to link Foster to the crime, including Foster's possession of the gun used in the crime, the make and model of his car, and store tags and prices on the items that matched up with receipts generated from the use of stolen credit cards. In short, there is nothing in the R&R that relies upon UPC codes, thereby rendering Foster's objection to such a conclusion moot.

Foster's objections are overruled. The R&R is adopted, and the petition is hereby DENIED AND DISMISSED. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an

appeal from this decision could not be taken in good faith. There is no basis on which to issue a certificate of appealability. Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c).

    IT IS SO ORDERED.

March 20, 2014                                               */s/ John R. Adams*
                                                                 JUDGE JOHN R. ADAMS
                                                                 UNITED STATES DISTRICT COURT